IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MARÍA SUÁREZ-TORRES, NORBERTO MEDINA-RODRÍGUEZ<br><br>Plaintiffs<br><br>v.<br><br>PANADERÍA Y REPOSTERÍA ESPAÑA, INC., INMOBILIARIA ISLA VERDE, INC.,<br><br>Defendant | Civil No. 16-1818 (PG) |

**MOTION TO DISMISS FOR LACK OF PROSECUTION PURSUANT TO FED. R. CIV. P. 41 (B)**

**TO THE HONORABLE COURT:**

**COME NOW** Defendants PANADERÍA Y REPOSTERÍA ESPAÑA, INC., INMOBILIARIA ISLA VERDE, INC., (or the "Defendant"), through the undersigned attorney, and respectfully state, allege and pray as follow:

**I.  Introduction**

Defendant, within the time ordered by this Honorable Court, filed on April 25, 2017 its Motion for Summary Judgment and Memorandum In Support Thereof, with the Statement of Uncontested Material Facts, pursuant to Fed. R. Civ. P. 56 and Loc. R. Civ. P. 56. See, Docket No. 43. **As to this date, May 23, 2017, Plaintiffs have not responded** to our Motion for Summary Judgment and Memorandum In Support Thereof.  Thus, on May 10, 2017, the appearing Defendant filed a "Motion Requesting Order To Grant Defendant's Motion For Summary Judgment And Memorandum In Support Thereof As Unopposed", since the time provided by Loc. R. Civ. P. 7 (b) transpired. See, Docket No. 49.

On May 11, 2017, for our surprise, Plaintiffs' "attorney" José Carlos Vélez-Colón filed a "motion" included in Docket No. 50. As such, Plaintiffs' "attorney" never filed his "Opposition" to the appearing Defendant's Motion for Summary Judgment and Memorandum In Support Thereof. And, even assuming *in argüendo* that he did, his "motion" included in Docket No. 50 does not comply with Fed. R. Civ. P. 56, and neither with Loc. R. Civ. P. 56, and its interpretative case law. Plaintiffs did file several documents, but none of them comply with the Federal Rules of Civil Procedure and neither the Local Rules regarding an opposition to summary judgment.

Since Plaintiffs have failed to prosecute their case, and by being Defendant's Motion for Summary Judgment and Memorandum In Support Thereof unopposed, the appearing Defendant moves this Honorable Court to dismiss the entire case with prejudice for lack of prosecution. The appearing explains.

## II. Discussion

It is beyond dispute that courts can invoke their inherent power together with Fed. R. Civ. P. 41(b) to dismiss a case with prejudice when a party fails to comply with their orders, Vázquez-Rijos v. Anhang, 654 F.3d 122, 127 n. 12 (1st Cir. 2011), and for a plaintiff's failure to prosecute. Rodríguez-Santana v. Hosp. Pavía Santurce, No. 11-1059, Slip Op., at *5 (D.P.R. 2013)(Casellas, S.D.J.), 2013 U.S. Dist. LEXIS 57347 at *5, Pease v. Peters, 550 F.2d 698, 700 (1st Cir.1977) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." (Rodríguez-Santana, 2013 U.S. Dist. LEXIS 57347 at *5-6, quoting Link v. Wabash Railroad Co., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962))).

This bedrock principle is in line with the axiom that the "[e]ffective administration of

justice requires that trial courts possess the capability to manage their own affairs." Rodríguez-Santana, 2013 U.S. Dist. LEXIS 57347 at *6; Chamorro v. Puerto Rican Cars, Inc., 304 F.3d 1, 4 (1st Cir. 2002) *(citing* Chambers v. NASCO, Inc., 501 U.S. 32, 43, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991)).  Having said this, dismissal with prejudice is no benign sanction, which is why in Enlace Mercantil Internacional, Inc. v. Senior Industries, Inc., 848 F.2d 315, 317 (1st Cir. 1988), the First Circuit made clear that dismissal for want of prosecution is appropriate only when the plaintiff's misconduct has been "extreme." Examples of extreme misconduct include defiance of court orders or ignoring warnings. Rodríguez-Santana, 2013 U.S. Dist. LEXIS 57347 at *6; Chamorro, 304 F.3d at 5 (citing Cosme Nieves v. Deshler, 826 F.2d 1, 2 (1st Cir. 1987)). The typical aggravating circumstance is a "wasteful expenditure of the court's time." Id. (citing Enlace, 848 F.2d at 317); Young v. Gordon, 330 F.3d 76, 81 (1st Cir. 2003) ("[D]isobedience of court orders is inimical to the orderly administration of justice and, in and of itself, can constitute extreme misconduct." (citing Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 46 (1st Cir. 2002))); Rodríguez-Santana, 2013 U.S. Dist. LEXIS 57347 at *6.

Moreover, federal courts have also allowed a dismissal to be ordered with prejudice in the face of a "clear record of delay or contumacious conduct" by the plaintiff. Rodríguez-Santana, 2013 U.S. Dist. LEXIS 57347 at *6; Richman v. General Motors Corp, 437 F.2d 196, 199 (1st Cir. 1971); Gay v. Chandra, 682 F.3d 590, 595 n.2 (7th Cir. 2012) (*per curiam*); Semulka v. Doe, 373 Fed. Appx. 138, 140 (3d Cir. 2010).

Likewise, in Jardines LTD. Pshp. v. Executive Homesearch Realty Servs., 178 F.R.D. 365, 367 (D.P.R. 1998)(Pérez Giménez, S.D.J.), this Honorable Court concluded that:

MOTION TO DISMISS FOR LACK OF PROSECUTION PURSUANT TO
FED. R. CIV. P. 41 (B)
MARÍA SUÁREZ-TORRES, ET AL. V. PANADERÍA Y REPOSTERÍA ESPAÑA, INC., ET AL.
Civil No. 16-1818 (PG)

4

The power of the court to prevent undue delays must be weighed against the policy favoring the disposition of cases on their merits. See Richman, supra, at 199;[1] Dyotherm Corp. v. Turbo Machine Co., 392 F.2d 146, 149 (3rd Cir. 1968). Ultimately, however, plaintiff is responsible for developing and prosecuting its own case. It is not the Court's responsibility to function as its baby-sitter. The Court, in its sound discretion, finds that Rule 41(b) is meant to remedy situations such as the one presently before the Court.

Since Plaintiffs as to this date, May 23, 2017, have not responded to our Motion for Summary Judgment and Memorandum In Support Thereof, this case should be dismissed not only in the merits, but for lack of prosecution as well.

Thus, just like in Jardines LTD. Pshp., 178 F.R.D. at 367, appearing Defendant requests to this Honorable District Court to execute its "[…][u]nquestionable authority to dismiss a case with prejudice for want of prosecution in order to prevent undue delay in the disposition of pending cases, docket congestion and the possibility of harassment of a defendant.[…]" *Citing* Zavala-Santiago, supra, at 712. And here, in fact, Plaintiffs and their attorney of record have harassed Defendant in numerous occasions. The PACER Report speaks by itself.

## III. Conclusion and Prayer

**WHEREFORE,** the appearing requests to this Honorable Court to grant Defendant's Motion for Summary Judgment and Memorandum In Support Thereof as unopposed, and in the alternative, to grant the instant Motion To Dismiss For Failure To Prosecute, with the imposition of costs and attorney's fees.

---

[1] Richman v. General Motors Corp., 437 F.2d 196, 199 (1st Cir.1971). See also, Zavala-Santiago v. González-Rivera, 553 F.2d 710, 712 (1st Cir. 1977); Estate of Solís-Rivera v. United States, 993 F.2d 1, 2 (1st Cir. 1993); Figueroa Ruiz v. Alegría, 896 F.2d 645, 647 (1st Cir.1990).

**MOTION TO DISMISS FOR LACK OF PROSECUTION PURSUANT TO
FED. R. CIV. P. 41 (B)**
MARÍA SUÁREZ-TORRES, ET AL. V. PANADERÍA Y REPOSTERÍA ESPAÑA, INC., ET AL.
Civil No. 16-1818 (PG)

5

## CERTIFICATE OF SERVICE

**IT IS HEREBY CERTIED** that on this same date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to the parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 23rd day of May 2017.

        **VALENZUELA-ALVARADO, LLC**
        MCS Plaza
        255 Ponce de León Avenue
        Suite 825, Hato Rey
        San Juan, Puerto Rico 00917-1942
        Tel. (787) 756-4053
        Fax: (787) 705-7415
        www.valenzuelalaw.net

        **S/José Enrico Valenzuela-Alvarado**

        **JOSÉ ENRICO VALENZUELA-ALVARADO**
        U.S.D.C.-P.R. 220104
        Emails:
        jeva@valenzuelalaw.net
        jose.enrico.valenzuela1@gmail.com
        enricovalenzuela@hotmail.com

**MOTION TO DISMISS FOR LACK OF PROSECUTION PURSUANT TO**
**FED. R. CIV. P. 41 (B)**
MARÍA SUÁREZ-TORRES, ET AL. V. PANADERÍA Y REPOSTERÍA ESPAÑA, INC., ET AL.
Civil No. 16-1818 (PG)

6