**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

**MARIA SUAREZ-TORRES, ET AL.,**

    Plaintiffs,

        v.

**PANADERIA Y REPOSTERIA ESPANA, INC., ET AL.,**

    Defendants.

CIVIL NO. 16-1818 (PG)

**ORDER**

Plaintiffs Maria Suarez-Torres and Norberto Medina-Rodriguez filed claims for injunctive relief under Title III of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.* After denying without prejudice defendants Panaderia y Reposteria España, Inc. and Inmobiliaria Isla Verde, Inc.'s motion for summary judgment, the court set a status conference in this case. During the same, the defendants informed the court of the imminent completion of some voluntary modifications being made at the establishment in question. The court granted defendants ninety (90) days to inform the court of the completion of these changes. See Docket No. 77. Shortly thereafter, the plaintiffs filed a motion requesting the dismissal of their supplemental claims and the court's entry of judgment of the ADA claims "on account that plaintiffs obtained the requested relief under federal law … ." Docket No. 78. The court **noted** the motion and ordered that the plaintiffs may file a motion to reopen case if the defendants failed to comply with the above-mentioned deadline. The court proceeded to enter judgment dismissing the state law claims with prejudice and the federal claims without prejudice. See Dockets No. 79-80. The plaintiffs now request that the court award them attorney fees (Docket No. 81), which the defendants oppose (Docket No. 86).

The ADA provides that "[i]n any action ... commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party … a reasonable attorney's fee … ." 42 U.S.C. § 12205. "Fee-shifting provisions in federal civil rights statutes represent Congress' considered departure from the traditional rule that attorneys pay their own way in American courts, regardless of the outcome." Sinapi v. Rhode Island Bd. of

Bar Examiners, No. CV 15-311-M, 2016 WL 4014587, at *2 (D.R.I. July 26, 2016) (citing Hensley v. Eckerhart, 461 U.S. 424, 429 (1983); Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 247 (1975)). "In the fee-shifting provision of the ADA and other federal civil rights statutes, Congress used the term 'prevailing party' as a 'legal term of art,' indicating 'one who has been awarded some relief by a court.'" Sinapi, 2016 WL 4014587 at *3 (citing Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res., 532 U.S. 598, 603 (2001)). "To qualify as a prevailing party, a litigant must show that a material alteration of the parties' legal relationship has taken place as a result of the litigation. … In addition, a party must demonstrate that the alteration possesses a '*judicial imprimatur*.'" Hutchinson ex rel. Julien v. Patrick, 636 F.3d 1, 8–9 (1st Cir. 2011) (citations omitted). "The Buckhannon Court identified only two situations in which this judicial imprimatur requirement would necessarily be satisfied: where the plaintiff 'received a judgment on the merits' or where she 'obtained a court-ordered consent decree.'" Hutchinson, 636 F.3d at 9 (citing Buckhannon, 532 U.S. at 605). Nevertheless, the analysis must focus on substance, not form, and the inquiry must look to three factors: (1) whether the change in the legal relationship between the parties was court-ordered; (2) whether there was judicial approval of the relief vis-à-vis the merits of the case; and, (3) whether there exists continuing judicial oversight and ability to enforce the obligations imposed on the parties. Hutchinson, 636 F.3d at 9.

None of these factors exists here. The court certainly did not address the merits of the plaintiffs' ADA claim nor approved and adopted a consent decree reached by the parties. As previously stated, the court simply noted the plaintiffs' satisfaction with the defendants' voluntary modifications to the building and proceeded to enter judgment as requested, even allowing the plaintiffs the option to reopen their case for this court's review if the changes were not completed within ninety (90) days. The court did not place itself in a position to enforce the terms of any settlement agreement or to compel the defendant to make any alterations to its place of business.

The fact that the plaintiffs may have obtained their claim's intended objective is irrelevant. It is important to note that the Buckhannon Court "expressly rejected the 'catalyst theory,' which posits that a plaintiff is a 'prevailing party' if it achieves the desired result because the lawsuit

brought about a voluntary change in the defendant's conduct." Smith v. Fitchburg Pub. Sch., 401 F.3d 16, 22–23 (1st Cir. 2005) (rejecting prevailing party status to plaintiff that did not obtain a final judgment on the merits or an incorporation of the private settlement into a consent decree, thereby failing to satisfy a narrow reading of Buckhannon). "A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial imprimatur on the change." Buckhannon, 532 U.S. at 605.

Pursuant to the foregoing, the court finds that the order of dismissal and judgment entered in the above-captioned case are unaccompanied by the required *judicial imprimatur*.[1] As a result, the plaintiffs are not prevailing parties as defined by the applicable law. The court thus **DENIES** their request for attorney fees (Docket No. 81).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, June 4, 2018.

S/ JUAN M. PÉREZ-GIMÉNEZ
**JUAN M. PEREZ-GIMENEZ**
**SENIOR U.S. DISTRICT JUDGE**

---

[1] The situation here is more akin to a private settlement. However, "[p]rivate settlements do not entail the judicial approval and oversight involved in consent decrees. And federal jurisdiction to enforce a private contractual settlement will often be lacking unless the terms of the agreement are incorporated into the order of dismissal." Buckhannon, 532 U.S. at 604.